UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In Re: MALIK & TOMIKA LEWIS,

    Debtors,

                                      /

    Civil Action No. 04-60230
    Bankruptcy Case No. 03-41536

    HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

    Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

    Defendants/Appellees.

                                      /

In Re: MALIK & TOMIKA LEWIS,

    Debtors,

                                      /

    Civil Action No. 04-60231
    Bankruptcy Case No. 03-41536

    HON. MARIANNE O. BATTANI

ALLAN SQ. WHITE,

    Plaintiff/Appellant,

v.

MALIK & TOMIKA LEWIS,

    Defendants/Appellees.

                                      /

**ORDER DENYING APPELLANT'S MOTION FOR RECONSIDERATION**

This matter is before the Court on Appellant's request that the Court reconsider its Order Denying Appointment of Counsel.  The Court has reviewed Plaintiff's motion and brief and DENIES Appellant's request for reconsideration.

A motion for reconsideration is governed by Local Rule 7.1(g), which specifies that it "must be filed within 10 days after entry of the order."  E.D. Mich. LR 7.1(g)(1).  The Rule also articulates the grounds for reconsideration and reads in pertinent part:

> Generally, and without restricting the discretion of the Court, motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by implication, shall not be granted.  The movant shall not only demonstrate a palpable defect by which the Court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof.

E.D. Mich. LR 7.1(g)(3).

The first criteria that must be addressed is the timeliness of the instant motion, which was filed September 16, 2005.  The Order Denying Without Prejudice Appellant's Request for Appointment of Counsel was entered June 24, 2005.  Appellant nevertheless claims his request is timely.  As support for his contention, Appellant provides the Court with a copy of a letter sent by the Deputy Clerk, which indicates Appellant sent a letter inquiring about the status of his motion for reconsideration, which he purports to have submitted on or about June 29, 2005.  See Sept. 6, 2005 letter.  Appellant also provides the Court with a copy of a Michigan Department of Corrections Disbursement Authorization for Expedited Legal Mail.  The form indicates that Appellant sought legal postage for: "(Reconsideration appointment & Enlargement)" on July 1, 2005.  The Mail Room Staff completed the form

showing that the mail was posted July 5, 2005.  The form shows that the legal mail was addressed to the Appeals Clerk for the Bankruptcy Court.  It is undisputed that the District Court has no record of this motion in its file or on the docket sheet.  Although Appellant's request is untimely, in light of the circumstances contributing to the delay, the court will consider the merits of Appellant's motion.

According to Appellant, appointment of counsel is warranted because he does not have up-to-date bankruptcy materials that enable him to comprehend fully the governing law.  This argument fails to persuade the Court that appointment of counsel is necessary.  The Court applies a less stringent standard when reviewing a *pro se* litigant's pleadings.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  Moreover, the Court is cognizant of its obligation to decide matters on the merits.

Next Appellant observes that even bankruptcy courts have been reversed for erroneous application of the law.  The fact that court decisions are reversed on appeal does not entitled Appellant to have counsel appointed.  If the Court were to adopt his logic, appointment of counsel would be mandatory.  That is not the standard.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  Lassiter v. Department of Soc. Serv., 452 U.S. 18, 27 (1981) (holding that an indigent litigant has no right to the appointment of counsel unless "if he loses, he may be deprived of his physical liberty."); Abdur-Rahman v. Michigan Dep't. of Corrections, 65 F.3d 489, 492 (6th Cir. 1995).

Finally, Appellant claims appointment is "warranted based upon the newly submitted factual and legal grounds for relief."  Brief at 1.  The new basis for relief is Appellant's contention that the bankruptcy court lacked subject matter jurisdiction.  In support of his

claim, he cites In re Frank, 80 F.3d 207, 211-12 (7th Cir. 1996) (observing that "once property [is] no longer part of the bankrupt[cy] estate, a determination of rights to it would not affect any dispute by creditors over property that was part of the. . .estate, therefore the bankruptcy court [has] no jurisdiction to determine rights to the property"). The Court has reviewed the case and finds it has no bearing on the instant case.

In reading Appellant's pleadings, it appears that he also contests Debtors' Chapter 7 bankruptcy because three years previously Debtors had obtained a Chapter 13 dismissal. A debtor's eligibility to file for bankruptcy is governed by several provisions of the Bankruptcy Code. First, subsection (g) of § 109 provides that "[n]o individual may be a debtor under this title who has been a debtor in a case pending under this title at any time in the preceding 180 days if" the case was dismissed for the failure of the debtor to prosecute the case, or the case was dismissed at the debtor's request. 11 U.S.C. § 109(g). Section 109(g) is a simple procedural mechanism for bankruptcy courts to use in preventing multiple filings by debtors intent on abusing the protections of the automatic stay. As the language of the section shows, all a court has to do to determine whether a debtor is wholly ineligible under Title 11 is count the number of days between the last dismissal and the filing of the current case. Here, Appellant represents that three years passed so the prohibition in Section 109(g) is not implicated.

In addition, Section 727(a)(9), sets forth the six-year bar rule for a Chapter 7 discharge. The rule precludes the discharge of a debtor in a straight bankruptcy proceeding if that debtor has obtained a Chapter 13 discharge within the preceding six years, unless the latter involved payment of 100% of the allowed unsecured claims or both payment of 70% of those claims and a finding that the plan "was proposed by the debtor

4

in good faith, and was the debtor's best effort." 11 U.S.C. s 727(a)(9)(B). There is no basis for this Court to find the bar was violated. Consequently, at this stage of the proceedings it is not clear to the Court that a colorable claim exists. Therefore, Appellant's arguments, that he requires appointment of counsel, given the complexity of his case, and his procedural missteps in advancing his claim that the debtors were barred from proceeding in Chapter 7 bankruptcy, do not persuade the Court to alter its earlier determination. See Lavado v. Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993) (holding that exceptional circumstances exist where a *pro se* plaintiff has made a colorable claim, but lacks the means to investigate, prepare or present it adequately).

In sum, Appellant has failed to show a palpable defect by which the Court has been misled. The appointment of counsel is not justified in this case; therefore, Appellant's motion is DENIED.

IT IS SO ORDERED.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: September 22, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were mailed to Allan Sq. White, #127009, 777 W. Riverdale Dr. Ionia, Mi., 48846 and the United States Bankruptcy Court on this date by ordinary mail and electronic filing.

Deputy Clerk